UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

   Plaintiff,          Case No. 1:09-CR-162

v.                Hon. Janet T. Neff

BRADLEY J. HANSEN,

   Defendant.
_____/

**ORDER GRANTING PROTECTIVE ORDER**

   Pending before the court is the government's motion for a protective order limiting the manner of disclosure of grand jury matters "and other sensitive or confidential information" (docket no. 25). The parties have been unable to agree on the extent of such an order. Therefore the motion will be granted in part and the court will enter its own protective order.

   The court's order treats the two categories of information, grand jury matters and non-grand jury matters (everything else), differently. Pursuant to F.R.Cr.P. Rule 6(e)(3)(E)(i), the court may authorize disclosure of matters occurring before a grand jury in connection with a judicial proceeding, subject to conditions it directs. Grand jury matters include transcripts of grand jury testimony, as well as documents and materials obtained by grand jury subpoena. *In Re: GRAND JURY PROCEEDINGS,* 851 F2d 860, 866 (6th Cir. 1988) ("The general rule, however, must be that confidential documentary information not otherwise publicly obtained by the grand jury by coercive means is presumed to be 'matters occurring before the grand jury' just as much as testimony before the grand jury."). The key here, of course, is whether the documents were obtained by use of the coercive grand jury subpoena, not the ultimate use to which the grand jury put the documents. The

grand jury only has these documents because of the exercise of its authority, and they are no less "matters occurring before the grand jury" because they were used or not used to obtain an indictment or because the grand jury chose to look at them or not look at them. Indeed, the very question of the use to which documents obtained by its subpoenas are put, if any, is a matter occurring before a grand jury. This is a bright-line definition that permits the court to properly administer the protection afforded grand jury proceedings by Rule 6. To the extent the government is required to divulge grand jury matters to the defendant, it shall do so in accordance with the court's order issued contemporaneously herewith.

The remaining items the government seeks to cover by its protective order are not entitled to the same institutional deference afforded to grand jury matters. As to these latter items, the government must demonstrate good cause. It may do so, for example, by separate motion for an ex parte examination of specific (preferably Bates-stamped) documents with an accompanying explanation as to the need for a protective order as to those documents.

In this instance, the court is satisfied that a showing of good cause has already been made for documents marked by the Universal Service Administrative Company (USAC) as "Confidential and Proprietary" for the reasons stated in Exhibit B to the Government's Unopposed Motion fo Leave to File Additional Materials Instanter in Support of its Motion for a Protective Order (docket no. 29). These documents, which will be referred to as the "USAC documents marked Confidential and Proprietary" will be included in the protective order.

IT IS SO ORDERED.


Dated:  July 21, 2009                                    /s/ Hugh W. Brenneman, Jr.
                                                         HUGH W. BRENNEMAN, JR.
                                                         United States Magistrate Judge