UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

        Plaintiff,                                   Case No. 1:09-cr-162

v.                                               HON. JANET T. NEFF

BRADLEY J. HANSEN,

        Defendant.
_____/

## **OPINION**

On January 26, 2010, the Court conducted a hearing on defendant's "Motion to Dismiss" (Dkt 30) pertaining to Count 1, Conspiracy to Commit Offenses against the United States, 18 U.S.C. § 371. The Amended Indictment in this case charges defendant with conspiring to commit bribery, 18 U.S.C. § 666(a), and "honest-services" mail fraud, 18 U.S.C. §§ 1341 and 1346. In a ruling from the bench on defendant's Motion to Dismiss, the Court (1) reserved its decision on dismissal based on withdrawal from the conspiracy because the motion presents a factual issue inappropriate for a pretrial ruling, and (2) denied defendant's motion with respect to dismissal of the Amended Indictment on statute of limitations grounds. The Court now issues this opinion to supplement its ruling that the conspiracy charge is not barred by the statute of limitations.

Defendant is the former superintendent of the Montcalm Area Intermediate School District (MAISD). The conspiracy charges stem from defendant's alleged acceptance, during his tenure as superintendent, of $60,000 in "smart home" and other improvements to his personal home in exchange for signing a three-year Internet service contract for MAISD with unindicted coconspirator

A's company (Company A).[1]  It is undisputed that the sole overt act alleged to have occurred within the five-year limitations period is the June 14, 2004 deposit into Company A's bank account of a $14,019.90 check, dated June 9, 2004 (Am. Indict. ¶ 19).  The check represented the last payment on the three-year contract for the 2003 – 2004 grant year (Def. Br. 5).

Defendant moves for dismissal of Count 1 of the Amended Indictment on the grounds that it is barred by the five-year statute of limitations, 18 U.S.C. § 3282(a).  Defendant contends that the central purpose of each of the two objects of the conspiracy (bribery and honest-services mail fraud) were accomplished more than five years before the filing of the Amended Indictment, and therefore no subsequent acts were in furtherance of the conspiracy.

The key issue for decision is the nature and scope of the conspiracy.  The parties dispute whether any alleged act in furtherance of the conspiracy occurred within five years of the filing of the Indictment based on their respective characterizations of the conspiracy.

Defendant asserts that the conspiracy charge in this case involves the "offense" clause of § 371 and not the "defraud" clause, which has a broader scope.[2]  Defendant argues that an "offense" clause conspiracy runs its course when the underlying conspiracy substantive offense is accomplished, here, the offenses of bribery and honest-services mail fraud.  Defendant asserts that

---

[1]Defendant was employed as the superintendent of MAISD (Stanton, MI) from October 1993 to January 1, 2003 (Am. Indict. ¶ 3).  The contract at issue involved federal funding through the E-Rate Program, which provides subsidies to schools and libraries for Internet access and other telecommunications services (*id.* ¶¶ 6-7).

[2]"If two or more persons conspire either *to commit any offense* against the United States, or *to defraud* the United States, or any agency thereof in any manner or for any purpose, and one or more of such persons do any act to effect the object of the conspiracy, each shall be fined under this title or imprisoned not more than five years, or both."  18 U.S.C. § 371 (emphasis added).

2

the bribery concluded when the home improvements were completed,[3] and certainly when they were paid for by defendant, on December 17, 2003. Further, the honest-services mail fraud was completed when a fraudulent Form 471[4] was placed in the mail on January 14, 2002, or at least by the time defendant resigned from the MAISD effective January 3, 2003.

The Government responds that the payment pursuant to the three-year contract was an objective of the conspiracy and that, as a matter of law, the acceptance of payments on the three-year contract continued the conspiracy until the economic benefits on the contract were fully realized in June 2005. The Government argues that the relevant crime for statute of limitations purposes is conspiracy, not the crimes of bribery or honest-services mail fraud, and that the payments to defendant's co-conspirator were part and parcel of the conspiracy.

Although defendant cites numerous cases as supporting his reasoning, defendant cites no specific authority for the distinction between conspiracies under the "offense" clause and those under the "defraud" clause of 18 U.S.C. § 371. The Court is not persuaded that this distinction is controlling in determining the nature and scope of the conspiracy.

"In a conspiracy prosecution brought under § 371 the government in order to avoid the bar of the limitation period of § 3282 must show the existence of the conspiracy within the five years prior to the return of the indictment, and must allege and prove the commission of at least one overt

---

[3] At oral argument, defendant relied on a date of March 2002, in accordance with paragraph 14 of the Amended Indictment.

[4] To secure E Rate funding, applicants were required to seek competitive bids for services (Am. Indict. ¶ 7). Once the competitive bid process was completed, applicants could choose a vendor, and then seek funding by submitting Federal Communications Commission (FCC) Form 471, the "Services Ordered and Certification Form." (*id.* ¶ 8).

act by one of the conspirators within that period in furtherance of the conspiratorial agreement." *United States v. Davis*, 533 F.2d 921, 926 (5th Cir. 1976); *see also United States v. Bornman,* 559 F.3d 150, 153 (3d Cir. 2009). "Hence, preliminary to a determination of whether the statute of limitations bars prosecution for a conspiracy it is essential to delimit the scope of the conspiratorial agreement alleged in the indictment, 'for it is that which determines both the duration of the conspiracy, and whether the act relied on as an overt act may properly be regarded as in furtherance of the conspiracy.'" *Davis*, 533 F.2d at 926 (quoting *Grunewald v. United States,* 353 U.S. 391, 397 (1957).

The Sixth Circuit Court of Appeals recently reiterated the analysis of a statute of limitations issue in the context of a conspiracy charge in *United States v. Shaffer*, 586 F.3d 414 (6th Cir. 2009), relied on by the Government in its "Notice of Relevant Precedent" (Dkt 67):

> "[N]ormally, the date of the last overt act in furtherance of the conspiracy alleged in the indictment begins the clock for purposes of the five-year statute of limitations." *United States v. Grenoble,* 413 F.3d 569, 574 (6th Cir. 2005) (quoting *United States v. Smith,* 197 F.3d 225, 228 (6th Cir. 1999)); *see also* 18 U.S.C. § 3282. Thus, in the statute of limitations context, "the crucial question . . . is the scope of the conspiratorial agreement, for it is that which determines both the duration of the conspiracy, and whether [an] act . . . may properly be regarded as in furtherance of the conspiracy." *Grunewald v. United States,* 353 U.S. 391, 397, 77 S. Ct. 963, 1 L. Ed. 2d 931 (1957).

*Shaffer*, 586 F.3d at 423.

Here, the only overt act that occurred within the limitations period was the June 14, 2004 payment deposit by Company A. Although defendant's argument that the payment was not in furtherance of the conspiracy has some appeal, the Court is persuaded that the scope of the conspiracy should not be so narrowly defined. In the Court's view, the case law does not support defendant's bright-line distinction between the scope of an "offense" conspiracy and a conspiracy

4

to "defraud." Instead, the scope of the conspiracy must be determined from the facts of the case and the charges in the indictment.

In *Shaffer*, 586 F.3d at 422, the defendants were charged with conspiracy to commit computer fraud in violation of 18 U.S.C. § 371 and 18 U.S.C. § 1030(a)(4). The charges stemmed from an undercover sting in which the defendants accessed, downloaded and "sold" files concerning military secrets and laser missile technology from a purported defense contractor. *Id.* at 417. The indictment described two overt acts that occurred within the preceding five years: (1) email correspondence to arrange a meeting in which one of the defendants was to provide a decryption key to the hard drive containing the stolen data in exchange for $100,000; and (2) a meeting between defendants and undercover agents to deliver the decryption key in exchange for the $100,000. *Id.* at 423. The Sixth Circuit noted that while defendant Shaffer argued that the conspiracy ended with the interception of the computer data, "neither the record nor common sense supports such a limited interpretation." *Id.* The court considered the facts of the case, noting that "[n]othing in the record suggests that Shaffer agreed to steal military secrets and missile technology for other than a remunerative purpose. Rather, the scope of the conspiracy clearly contemplated the monetary payment in exchange for the data that the defendants obtained." *Id.*

Defendant attempts to distinguish *Shaffer* on the basis that the offense of computer fraud requires furthering the intended fraud and obtaining *value*, thus, unsurprisingly, payment is part of the conspiracy. Relying on this reasoning, defendant contends that the analogous conduct in this case is the receipt of alleged free goods and services—which occurred seven years before the indictment was returned. These arguments are unpersuasive and run contrary to defendant's

assertion that the scope of an "offense" conspiracy is strictly limited to the accomplishment of the offense.

In *Shaffer*, the court determined the scope of the conspiracy by looking to the facts and circumstances, not merely the proscribed offense conduct. Common sense dictates in this case that payment under the limited, three-year contract is part of the conspiracy.

Accordingly, for the reasons stated on the record at the January 26, 2010 hearing and those stated herein, defendant's Motion to Dismiss (Dkt 30) Count 1 based on the statute of limitations is denied.

An Order consistent with this Opinion will be entered.


DATED: January 27, 2010         /s/ Janet T. Neff
                                JANET T. NEFF
                                United States District Judge